**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number (if known): _____    Chapter **7**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Williamston Hospital Corporation** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA Martin General Hospital** <br> **DBA Northeastern Primary Care Group** <br> **DBA University Family Medicine Center** <br> **DBA Roanoke Women's Healthcare** <br> **DBA Martin General Health System** <br> **DBA Roanoke Clinics, A Part of Martin General Hospital** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **62-1749107** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> **c/o Martin General Hospital** <br> **310 South McCaskey Road** <br> **Williamston, NC 27892** <br> Number, Street, City, State & ZIP Code <br><br> **Martin County** <br> County | **Mailing address, if different from principal place of business** <br><br> **1573 Mallory Lane, Suite 100** <br> **Brentwood, TN 37027** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.martingeneral.com** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor **Williamston Hospital Corporation**  Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__6221__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☐ No.
☒ Yes.

| District | **District of Delaware** | When | **4/07/20** | Case number | **20-10843** |
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **Williamston Hospital Corporation** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **Quorum Health Corporation** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **4/07/20** | Case number, if known | **20-10766** |

**11.** **Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
■ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?

■ It needs to be physically secured or protected from the weather.

■ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
c/o Martin General Hospital
310 South McCaskey Road
Williamston, NC, 27892-0000

Number, Street, City, State & ZIP Code

**Is the property insured?**

■ No
☐ Yes.  Insurance agency
         Contact name
         Phone

---

**Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

Check one:
☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

☐ 1-49           ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99          ☐ 5001-10,000       ■ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000     ☐ More than100,000
☐ 200-999

**15.** **Estimated Assets**

☐ $0 - $50,000              ■ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion

Debtor **Williamston Hospital Corporation**  Case number (*if known*) _____
    Name

| | | | |
|---|---|---|---|
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | Williamston Hospital Corporation | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/03/2023
                       MM / DD / YYYY

X *[signature]*                                             Christopher M. Harrison
Signature of authorized representative of debtor            Printed name

Title    **Authorized Person**

**18. Signature of attorney**

X *Bradley P. Lehman*                                       Date    08/03/2023
Signature of attorney for debtor                                    MM / DD / YYYY

Bradley P. Lehman
Printed name

Gellert Scali Busenkell & Brown LLC
Firm name

1201 N. Orange Street, Suite, 300, Wilmington, Delaware 19801
Number, Street, City, State & ZIP Code

Contact phone    302-425-5800        Email address    blehman@gsbblaw.com

DE 5921
Bar number and State

Official Form 201           **Voluntary Petition for Non-Individuals Filing for Bankruptcy**           page 5

## ACTION BY WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS OF
## WILLIAMSTON HOSPITAL CORPORATION

August 2, 2023

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Williamston Hospital Corporation, a North Carolina corporation ("**WHC**"), hereby consent and adopt the following resolutions pursuant to and in accordance with the Bylaws of WHC, dated as of August 6, 1998, as of the date set forth above:

**WHEREAS**, Quorum Health Corporation, a Delaware corporation ("**QHC**"), is the sole shareholder of WHC;

**WHEREAS**, QHC and certain of its subsidiaries and affiliates, including WHC, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on April 7, 2020;

**WHEREAS**, QHC's plan of reorganization was confirmed by the Bankruptcy Court on June 30, 2020 and went effective on July 7, 2020;

**WHEREAS**, pursuant to the final decree entered by the Court on October 21, 2020, WHC's chapter 11 case (Case No. 20-10843) was closed;

**WHEREAS**, QHC's chapter 11 case (Case No. 20-10766) remains open and pending in the Bankruptcy Court;

**WHEREAS**, WHC is managed exclusively by the Board;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of WHC and its business on the date hereof, including its historical performance, assets, and present and future liabilities;

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of WHC's management and legal advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 7 of the Bankruptcy Code;

**WHEREAS**, the Board has determined that it is in the best interest of WHC and its shareholder, creditors, and other interested parties to commence a case under the provisions of chapter 7 of the Bankruptcy Code;

**NOW, THEREFORE BE IT:**

<u>**Commencement and Prosecution of Bankruptcy Case**</u>

 **RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of WHC, its shareholder, creditors, and other interested parties that a voluntary petition (a "**Petition**") be filed with the Bankruptcy Court by WHC, thereby commencing a case (the "**Bankruptcy Case**") under the provisions of chapter 7 of the Bankruptcy Code; and it is further

 **RESOLVED**, that Christopher M. Harrison (the "**Authorized Person**") be, and hereby is, authorized, directed, and empowered, on behalf of WHC, to execute, acknowledge, deliver, and verify WHC's Petition and to cause the same to be filed with the Bankruptcy Court at such time as the Authorized Person may determine; and it is further

 **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered on behalf of WHC, to execute, acknowledge, deliver, verify, and file any and all pleadings, petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that the Authorized Person may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case, including attending the meeting of creditors pursuant to Bankruptcy Code section 341 on behalf of the Company; and it is further

 **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of WHC, to perform the obligations of WHC under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person and by WHC; and it is further

<u>**General Resolutions**</u>

 **RESOLVED**, that the execution and delivery by the Authorized Person on behalf of WHC of such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Person shall approve are hereby authorized, the taking or execution thereof by the Authorized Person being conclusive evidence of the approval thereof by the Authorized Person; and it is further

 **RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any officer of WHC in, for and on behalf of WHC, in connection with the matters described in or contemplated by the

2

foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of WHC as of the date such action or actions were taken; and it is further

**RESOLVED**, that facsimile, .pdf copies, or other electronic forms of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board of WHC, have executed this written consent to be effective as of the date first written above.

**BOARD OF DIRECTORS**

_____
Donald R. Esposito, Jr.

_____
Christopher M. Harrison

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMSTON HOSPITAL CORPORATION.[1]<br><br>    Debtor. | )<br>)<br>) Chapter 7<br>)<br>) Case No. 23-[__] (__)<br>)<br>) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtor (the "Debtor") respectfully represents as follows with respect to the Debtor's direct and indirect corporate ownership:

1. Non-Debtor Quorum Health Corporation owns 100% of the equity interests in Williamston Hospital Corporation.

---

[1] The last four digits of Williamston Hospital Corporation's federal tax identification number are 9107. The mailing address for Williamston Hospital Corporation is 1573 Mallory Lane, Suite 100, Brentwood, TN 37027.

**Fill in this information to identify the case and this filing:**

Debtor Name __Williamston Hospital Corporation_____

United States Bankruptcy Court for the: _____ District of __Delaware___
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/03/2023__          ✗ ___/s/ Christopher M. Harrison_____
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

__Christopher M. Harrison_____
Printed name

__Authorized Signatory_____
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 7 |
| WILLIAMSTON HOSPITAL CORPORATION.[1] | ) |
|  | ) Case No. 23-[__] (__) |
| Debtor. | ) |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Gellert Scali Busenkell & Brown LLC ("GSBB"), is counsel for the above-captioned debtor (the "Debtor") and that compensation paid to GSBB within one year before the filing of the petition in bankruptcy, or agreed to be paid to GSBB, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, GSBB had agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,000

   Prior to the filing of this statement, GSBB has received . . . . . . . . . . . . . . . . . . . . . . $25,000

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

2. The source of the compensation paid to GSBB was non-Debtor QHCCS, LLC.

3. GSBB has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of GSBB.

4. In return for the above-disclosed fee, GSBB has agreed to render certain legal services relating to this bankruptcy case, including:

   a. Analyzing the Debtor's financial situation and rendering advice to the Debtor in determining whether to file bankruptcy petitions;

   b. Preparing and filing a voluntary petition in bankruptcy and certain other documents that may be required; and

   c. Representing the Debtor at the meeting of creditors and any adjourned hearings thereof.

---

[1] The last four digits of Williamston Hospital Corporation's federal tax identification number are 9107. The mailing address for Williamston Hospital Corporation is 1573 Mallory Lane, Suite 100, Brentwood, TN 37027.

5. By agreement with the Debtor, the above-disclosed fee does not include the representation of the Debtor in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## CERTIFICATION

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to GSBB for representation of the Debtor in this bankruptcy proceeding.

Dated: Wilmington, Delaware
August 3, 2023

**GELLLERT SCALI BUSENKELL & BROWN LLC**

/s/ Bradley P. Lehman
Michael Busenkell (DE 3933)
Bradley P. Lehman (DE 5921)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com
blehman@gsbblaw.com

*Counsel to the Debtor*