# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMSTON HOSPITAL CORPORATION,[1]<br><br>         Debtor. | Chapter 7<br><br>Case No. 23-11058 (BLS)<br><br>Hearing Date: March 27, 2024 at 11:00 a.m.<br>Objection Deadline: March 13, 2024 at 4:00 p.m. |

## MOTION OF TIFFANY WEST-BRIDGERS FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362

   Tiffany West-Bridgers (the "Movant"), by and through undersigned counsel, hereby moves this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S. C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of (i) permitting the prosecution of the Movant's civil action pending in the Superior Court of North Carolina against, among others, the above-captioned debtor Williamston Hospital Corporation (the "Debtor") to final and non-appealable judgment against the Debtor (and other defendants) (ii) for any such judgment to be a liquidated claim against the Debtor's estates, and (iii) to proceed to collect any judgment against any available insurance proceeds under any applicable policy of insurance. In support of this Motion, the Movant respectfully shows the Court as follows:

## BACKGROUND

   1.  The Movant is a resident of the State of North Carolina. On or about June 2, 2021, the Movant initiated her civil action, in her capacity as a guardian, against the Debtor and others

---

[1] The last four digits of Debtor's federal tax identification number are 9107. Debtor's mailing address is 1573 Mallory Lane, Suite 100, Brentwood, TN 37027.

seeking damages for, *inter alia*, injuries that her daughter sustained at the hands of the Debtor and its agents (the "North Carolina Action"). Movant's daughter has sustained significant injuries and seeks special damages, general damages, attorney fees, costs, expenses and interest. A copy of the most recent complaint in the North Carolina Action is attached hereto as Exhibit 1.

2. Movant is confident that she will be successful in showing that the defendants in the North Carolina Action, including the Debtor, are liable for her daughter's injuries. As set forth in Exhibit 1 hereto, on February 26, 2019, then 16-year-old Anya Bridgers was admitted to the hospital to give birth to her first child. Ms. Bridgers entered the hospital healthy, alert, intelligent and functioning normally. Ms. Bridgers' childbirth ended with her losing consciousness, and her suffering a severe and permanent anoxic brain injury resulting in permanent disabling disability.

3. The North Carolina Action was scheduled for trial beginning April 29, 2024. That trial date has been recently continued due to the automatic stay. The trial judge, The Honorable Marvin K. Blount, intends to reschedule the trial as soon as the stay is lifted.

4. Movant has been advised by Debtor that it has two liability insurance policies for $25,000,000 and $5,000,000 that will cover at least a portion of the damages that are alleged in the North Carolina Action.

5. On August 3, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code in this Court. This filing stayed the North Carolina Action with respect to the Debtor.

**RELIEF REQUESTED**

6. Movant seeks relief from the automatic stay so that she may pursue the North Carolina Action to final and non-appealable judgment or other resolution, that such judgment or

resolution be an allowed liquidated claim against the Debtor, and to otherwise satisfy any judgment or other resolution she may obtain against the Debtor's applicable insurance proceeds.

## BASIS FOR THE RELIEF REQUESTED

7. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay……for cause……11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often……examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay."

*In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

8. Courts often follow the logic of the intent behind §362(d) which is that it is often appropriate to allow litigation to proceed in its initial forum, if no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d) (internal citations omitted).

9. This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (a) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (c) the creditor's probability of success on the merits. *See In re Tribune Co.,* 418 B. R. 116, 126 (Bankr. D. Del. 2009).

10. Here, the facts weigh heavily in the Movant's favor on each of these three prongs. Under the balancing test, the stay in this case should be lifted.

11. As for the first factor, no prejudice will occur to the bankruptcy estate or the Debtor because only the Superior Court of North Carolina can adjudicate the Movant's claims, the Debtor is in a Chapter 7 liquidation proceeding, the Movant has an absolute right to a jury trial and to liquidate her claims outside the Bankruptcy Court, and the Movant's claims against the Debtor and other defendants must be liquidated. Furthermore, as previously shown, the Debtor has insurance policies that will cover, at least in part, Movant's claims. The proceeds of these insurance policies are not part of the Debtor's estates. This Court has held that debtors do not have an interest in the proceeds of an insurance policy. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687-90, (Bankr. D. Del. 2008). Since a debtor has no interest in insurance proceeds applicable to claims alleged against it, there can be no hardship to the Debtor here. The two policies of insurance that afford liability coverage of $30,000,000 for Defendants Williams Hospital Corp. and non-debtor Williamston Clinic Corp. not only provide indemnity coverage but also provide for the costs, expenses and attorneys' fees associated with the defense of Movant's claims against the Debtor.

12. Accordingly, any recovery by Movant will not affect the Debtor's estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. Del. 2004)* (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir.1993).

4

13. Additionally, the second factor weighs in favor of the Movant. The hardship to the Movant will outweigh any hardship to the Debtor. Movant suffered significant injury and expenses related to the malpractice committed by the Debtor and other defendants, as alleged in the North Carolina Action. Her claims include claims for a severe brain injury and permanent long-term care which is required twenty-four (24) hours per day. As more fully described in the North Carolina Action complaint, Movant is entitled to special and general damages. *See* Exhibit 1.

14. It is imperative that Movant be permitted to resolve the North Carolina Action as quickly as possible. This Court has held, in multiple cases, that the lapse of time is enough to show hardship to the movant. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687-90. This case has already been delayed by the pandemic. The lapse of time caused by delaying litigation to adhere to the stay can cause the loss of evidence, witnesses, and can overwhelm court dockets. *Id*. Furthermore, the Debtor will receive no benefit from the stay because the Movant is seeking to against insurance proceeds of the Debtors, and upon any allowed claim against the Debtor, which must be liquidated. Therefore, only the insurance carriers will benefit from the stay, not the Debtor – especially when the insurance carriers have already obtained defense counsel who have been defending their claims for nearly three years on behalf of the Debtor. Thus, the hardship to the Movant of continuing the stay outweighs any hardship of the Debtor of lifting the stay.

15. Moreover, if the Movant is not permitted to liquidate her claim in the forum of her choice, the litigation in Delaware will be before the United States District Court, 28 U.S.C. § 157(b)(5). The North Carolina Superior Court is the more appropriate forum for a trial governed by North Carolina law, regarding issues that are highly specific to North Carolina and relate to North Carolina residents. In fact, the Movant's case has been designated as "exceptional" and assigned to Senior Resident Superior Court Judge Marvin K. Blount by the Chief Justice of the

North Carolina Supreme Court with consent of all parties. *See In re The Conference of African Union First Colored Methodist Protestant Church,* 184 B.R. 207, 218 (Bankr. D. Del 1987) (granting relief from stay to permit Family Court to determine issues which it had expertise). Additionally, the Movant has demanded and has the right to a jury trial. This right cannot be eradicated by filing bankruptcy. When a bankruptcy court hears a non-core matter, (a matter that is not a core proceeding under Title 11, but is related in some way to Title 11), it must submit the findings to the district court and the final order must be entered by the district judge "after considering the bankruptcy judge's proposed findings and conclusions after reviewing *de novo*." *See* 28 U.S.C. §157(c)(1). However, the Delaware district court can refer a proceeding to the bankruptcy court if consent is given by all parties. Thus, without consent of all parties, multiple trials could occur which would impede efficiency and unnecessarily overwhelm the court docket of the bankruptcy court.

16. By contrast, the Debtor will not suffer any hardship if the North Carolina Action is allowed to proceed in North Carolina. The action does not present factual or legal issues which will impact or distract the trustee from the liquidation process. This claim must be liquidated.

17. The likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del 1993). This prong also weighs in Movant's favor. As described above and in the complaint, there is sufficient evidence to prove Movants' allegations. Further, Movant's claims are supported by a number of qualified expert witnesses. No strong legal defenses to Movant's case exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re*

*Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). Here, all of the issues will be properly submitted to a jury for determination of liability and damages.

18. On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); *In re Rexene Products, Inc*., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

19. In addition to the balancing test, the intent of Congress when drafting the Code supports the requested relief. It was clearly the intent of Congress to allow proceedings to take place so long as there is no interference with the actual bankruptcy proceedings. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). Here, there will be no interference with the actual bankruptcy proceedings because the Movant plans to recover solely from insurance proceeds and non-debtors. Thus, the stay should be lifted so that the intent of Congress can be carried out and so that this Court can be relieved of this matter in deference to another court with proper jurisdiction.

20. Although the automatic stay that is imposed in bankruptcy proceedings is historically important in helping protect debtors, it serves no legitimate purpose here. The core purpose of a stay in bankruptcy is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation

7

or rehabilitation of the debtor." *Matter of Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). None of these issues are present in this case. Accordingly, the stay is unnecessary because it does not seem to protect the Debtor from any of the core concerns for which a stay is normally implemented.

21. Lastly, the burden of proof for lifting a stay is outlined in 11 U.S.C. 362(g), which states, "[i]n a hearing for relief under subsection (d) or (e), (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." Therefore, the burden of resisting the relief sought by the Movant is now on the Debtors.

## CONCLUSION

**WHEREFORE,** the Movant respectfully requests the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow the Movant to prosecute the North Carolina Action, that any judgment obtained in the North Carolina Action shall be an allowed liquidated claim against the Debtor, and to collect any judgment from proceeds of the Debtor's applicable insurance policies.

Dated: February 28, 2024  
       Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*  
Christopher P. Simon (No. 3697)  
1105 North Market Street, Suite 901  
Wilmington, DE 19801  
Telephone: (302) 777-4200  
csimon@crosslaw.com

*Counsel to Movant*