**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WILLIAMSTON HOSPITAL CORPORATION[1] | ) ) ) | Case No. 23-11058 (BLS) |
| Debtor. | ) ) ) | Hearing Date: May 28, 2025 at 11:00 a.m. (ET) Objections Due: May 9, 2025 at 4:00 p.m. (ET) |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE,**
**PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), FED. R. BANKR. P. 6004,**
**AND LOCAL RULE 6004-1, FOR AN ORDER AUTHORIZING**
**THE PRIVATE SALE OF CERTAIN CLAIMS AGAINST THE BLUE CROSS BLUE**
**SHIELD ASSOCIATION AND ITS MEMBERS**

Don A. Beskrone, chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor") and its Estate (the "Estate"), by and through his undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 363(b) of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files the *Motion of Don A. Beskrone, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 105(a) and 363(b), Fed. R. Bankr. P. 6004, and Local Rule 6004-1, for an Order Authorizing the Private Sale of Certain Claims Against the Blue Cross Blue Shield Association and Its Members* (the "Motion"), seeking entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing a sale of certain potential claims free and clear of any liens, encumbrances, and other interests. In further support of the Motion, the Trustee respectfully represents as follows:

---

[1] The last four digits of Debtor's federal tax identification number are 9107. Debtor's mailing address is 1573 Mallory Lane, Suite 100, Brentwood, TN 37027.

{02101714;v1}                                                1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory and legal predicates for the relief requested herein are sections 105, 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1.

5. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relevant Background**

A. **Procedural Background.**

6. Prior to the Petition Date (as defined below), the Trustee understands that the Debtor was medical facility providing healthcare services. The Trustee further understands that Debtor's principal place of business was 310 South McCaskey Road, Williamston, NC 27892.

7. On August 3, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code commencing this chapter 7 case (the "Case"). On August 17, 2023, the Debtor filed its schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1, 16 & 17].

8.      Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Case.

9.      A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on August 30, 2023.  Mr. Beskrone thus serves as the Trustee of the Debtor's and its Estate pursuant to 11 U.S.C. § 702(d).

**B.  The Proposed Sale.**

10.     While in the process of administering the Debtor's Estate, the Trustee has learned of a class action lawsuit against the Blue Cross Blue Shield Association and its members (collectively, "BCBS"), *In re: Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, Case No. 2:13-cv-20000-RDP (the "Litigation"), pending in the United States District Court for the Northern District of Alabama.

11.     To the best of the Trustee's understanding, the Litigation was filed against BCBS for alleged violations of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, in addition to various state law(s), by illegally entering into a geographic market allocation agreement prohibiting competition in the market for the sale of commercial healthcare financing services and the market for the purchase of goods and services from healthcare providers.  The Trustee thus believes that the Debtor and its Estate may have claims against BCBS, including claims that could be asserted in the Litigation (the "BCBS Claims").

12.     The Trustee has undertaken measures to investigate the BCBS Claims, including their value (if any) and information to support any such claims.  With limited records available to him, the Trustee inquired of the Debtor's non-debtor affiliates (and their management) but could not derive any information sufficient to assess the claims.  Nonetheless, recognizing that the

BCBS Claims likely have value, the Trustee determined to sell the claims subject to higher and better offers.

13. To that end, the Trustee, as seller, and RC Mid-America Liquidators LLC ("RCM", and together with the Trustee, the "Parties"), as buyer, have negotiated a proposed sale (the "Proposed Sale") of the BCBS Claims to RCM. The Parties have formalized the terms of sale in a Claim Sale Agreement (the "APA"), an executed copy of which is attached as **Exhibit 1** to the Order.

14. The Trustee respectfully submits that there is sound business justification for selling the BCBS Claims to RCM. The Proposed Sale to RCM, and the terms of the APA, will allow the Trustee to not only generate a possible basis for future dividends to creditors, but will also allow the Trustee to eliminate potential fees and expenses associated with the investigation and prosecution of the BCBS Claims.

**C. The Terms of the APA.**

15. Pursuant to negotiations with RCM and the APA, the Trustee has agreed to assign, transfer, and sell any BCBS Claims the Estate may have, free and clear of any liens, claims, encumbrances, and other interests, to RCM. As consideration therefor, the Debtor's Estate shall receive $12,700.00. The proposed sale to RCM is subject to higher and better bids.

16. The salient terms of the APA and the Proposed Sale between the Trustee (as "Seller") and RCM (as "Buyer") include the following:[2]

1. **Purchase Consideration.** Buyer agrees to purchase and Seller agrees to sell the BCBS Claims to RCM for $12,700.00 (the "Purchase Price").

2. **Bankruptcy Court Approval.** The sale of the BCBS Claims is expressly conditioned upon the entry of a final order by the Bankruptcy Court approving the sale of the BCBS Claims to Buyer.

---

[2] In the event of any conflict or inconsistency with the summary provided herein and the terms of the APA, the APA shall govern.

3. **Assignment of Rights.** The BCBS Claims and the rights and interests described in clauses (i) and (ii) of the APA are referred to collectively herein as the "Assigned Rights." Upon Buyer's payment of the Purchase Price, Buyer shall own all of Seller's rights, title and interest in and to (a) the BCBS Claims and the Assigned Rights and (b) all recoveries, distributions or proceeds of any kind on account of the BCBS Claims and the Assigned Rights.

    Seller further agrees that Buyer may sell, transfer or assign the Assigned Rights, in whole or in part, together with all or any portion of the right, title and interest of Buyer in and to the APA, and may transfer or assign its rights and obligations pursuant to the APA, in whole or in part, without the consent of Seller (the purchaser or transferee of the Assigned Rights, the "Beneficial Owner"). All representations and warranties contained in the APA will survive the execution and delivery of the APA and the purchase and sale of the BCBS Claims and all other Assigned Rights, and will inure to the benefit of, and be binding upon, the Parties and their respective successors and assigns.

4. **Costs.** Each Party will be solely responsible for all costs or expenses (including legal expenses) incurred by it with respect to the negotiation, preparation and execution of the APA and consummating the transactions contemplated in the APA.

17. In accordance with Local Rule 6004-1, the Trustee highlights the following material terms of the Proposed Sale:

| Local Rule 6004-1 Disclosure | Terms of the APA |
| --- | --- |
| **Sale to Insider** | N/A |
| **Agreements with Management** | N/A |
| **Releases** | N/A |
| **Private Sale / No Competitive Bidding** | Buyer and Seller acknowledge that the APA must be approved by the Bankruptcy Court. Buyer understands, acknowledges and agrees that the Trustee, as a fiduciary, may solicit inquiries, proposals or other offers from third parties for the BCBS Claims, and the Trustee may discuss and negotiate such inquiries, proposals or offers and provide information to third parties in connection therewith. <br><br> The Trustee seeks approval of a private sale without an auction process (though reserving the right to conduct one |

| | |
|---|---|
| | in the event offers are received), subject to higher and better offers. |
| **Closing and Other Deadlines** | N/A |
| **Good Faith Deposit** | N/A |
| **Interim Arrangements with Proposed Purchaser** | N/A |
| **Use of Proceeds** | N/A |
| **Tax Exemption** | N/A |
| **Record Retention** | N/A |
| **Sale of Avoidance Actions** | N/A |
| **Requested Findings as to Successor Liability** | N/A |
| **Sale Free and Clear of Unexpired Leases** | N/A |
| **Credit Bid** | N/A |
| **Relief from Bankruptcy Rule 6004(h)** | The Parties seek relief from the 14 day stay pursuant to Fed. R. Bankr. P. 6004. |

## Relief Requested

18.     By this Motion, the Trustee seeks to sell, free and clear of any liens, claims, encumbrances, and other interests, its interest in any BCBS Claims to RCM pursuant to 11 U.S.C. §§ 105 and 363, Bankruptcy Rule 6004, and Local Rule 6004-1.

## Basis for Relief

**A. The Sale of the BCBS Claims Under Bankruptcy Code Section 363(b) is Appropriate.**

19.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1). "The framework of section 363 is designed to allow a trustee (or a debtor in possession) the flexibility to engage in ordinary transactions without

unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." *In re Neilson Nutraceutical, Inc.,* 369 B.R. 787, 796 (Bankr. D. Del. 2007) (quoting *In re Roth Am., Inc.,* 975 F.2d 949, 952 (3d Cir. 1992)). "Transactions under § 363 must be based upon the sound business judgment of the debtor or trustee." *In re Filene's Basement, LLC,* 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) (citing *In re MF Global Inc.,* 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012). "Generally, where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Id.* (citation and internal quotation omitted).

20.  Moreover, Section 105(a) of the Bankruptcy Code provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). This is consistent with the broad equitable authority of the bankruptcy courts. *See, e.g., In re Continental Airlines,* 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

21.  The Trustee respectfully submits that the sale of the BCBS Claims to RCM is both warranted and reasonable and well within the Trustee's sound business judgment. The Proposed Sale to RCM and the terms of the APA will allow the Trustee to generate a possible basis for future dividends to creditors.

22. Additionally, the Trustee favors proceeding by way of private sale. RCM has submitted an offer that appears superior to any other potential offer that the Trustee might reasonably expect, if any other offer were even to be made. Indeed, no other prospective purchaser has come forward with a proposal for the purchase of the BCBS Claims. Under these circumstances, the Trustee believes that the best course of action is to proceed by way of a private sale to RCM subject to any higher and better offers that might be made by the objection deadline, and to provide notice of the sale to parties in interest.

23. If an additional proposal is received by the Trustee in writing on or before the objection deadline that the Trustee determines to be higher and better than that under the APA, the Trustee will confer with the potential purchasers and use the hearing date on the Motion as a status conference to report to the Court on the status of competing offers and the Trustee's proposed procedure to conduct a prompt auction, and return to Court after the auction to approve the sale to the bidder submitting the highest and best offer for the BCBS Claims.

24. Accordingly, the Trustee submits that the sale of the Debtor's interest in the BCBS Claims as set forth herein is in the Estate's and creditors' best interests and, thus, should be approved.

**B. Sale of the BCBS Claims "Free and Clear" Under Bankruptcy Code Section 363(f) is Appropriate.**

25. Bankruptcy Code section 363(f) provides that a sale of encumbered property "free and clear of any interest" is permissible, only if "applicable non-bankruptcy law permits sale of such property free and clear of such interest," entities holding interests in the property consent to the sale, "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of

such interest." 11 U.S.C. § 363(f). Because section 363(f) is drafted in the disjunctive, only one of these five conditions need to be met. Moreover, a debtor (or trustee) possesses broad authority to sell assets free and clear of liens. *See In re Trans World Airlines, Inc.,* 322 F.3d 283, 289 (3d Cir. 2003).

26.     The Trustee respectfully submits, in his business judgment, that it is appropriate to sell the Debtor's interest in the BCBS Claims "free and clear" because the Trustee anticipates that, to the extent that a lien, claim, encumbrance, or other interest in the BCBS Claims exists, one or more of the five conditions under section 363(f) can be satisfied. In particular, all parties-in-interest will receive notice and will be given sufficient opportunity to object to the relief requested. Such lienholders, if any, that do not object to the proposed sale should be deemed to have consented. *See FutureSource LLC v. Reuters Ltd,* 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent.").

27.     As such, the Trustee requests that the Court authorize the sale "free and clear" of any liens, claims, encumbrances, and other interests that may exist under 11 U.S.C. § 363(f).

C. **The Sale Should Be Subject to the Protections of Section 363(m).**

28.     Section 363(m) of the Bankruptcy Code provides, in part, that the reversal of modification on appeal of an authorization of a sale pursuant to section 363(b) or (c) does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m). The Trustee requests that the Court find and hold that RCM be entitled to the protections

afforded by section 363(m). Such relief is appropriate because the Parties engaged in arm's length, good faith negotiations and all parties-in-interest will have the opportunity to review and object to the proposed sale. *See also Esposito v. Title Ins. Co. of Pa. (In re Fernwood Mkts.)*, 73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (stating that upon notice to lienholders, section 363(m) protects good faith purchasers).

### D. Relief from Bankruptcy Rule 6004(h).

29.     The Trustee respectfully requests that the Court waive the provisions of Federal Rule of Bankruptcy Procedure 6004(h) requiring the sale be stayed for 14 days after entry of an order authorizing the sale. The Trustee understands there is an upcoming deadline for submitting the BCBS Claims, and thus the Parties respectfully submit that time is of the essence. Accordingly, relief from the stay of Rule 6004(h) is appropriate under the circumstances present here.

### Notice

30.     The Trustee has provided notice of this Motion via electronic mail (where possible) and first-class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) RCM; and (c) any persons who have filed request for notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

**No Prior Request**

31. No prior application for the relief requested herein has been made to this or any other court.

| | |
|---|---|
| Dated: April 25, 2025<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Ricardo Palacio*<br>Ricardo Palacio (DE Bar No. 3765)<br>Gregory A. Taylor (DE Bar No. 4008)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Tel: (302) 654-1888<br>Email: RPalacio@ashbygeddes.com<br>         GTaylor@ashbygeddes.com<br><br>*Counsel for Don A. Beskrone, Chapter 7 Trustee of the Debtor* |